United States District Court
Middle District of Florida
Jacksonville Division

JAMES FISHER,

    Plaintiff,

v.                                                                 No. 3:23-cv-467-TJC-LLL

WALGREENS DRUGS INC.,

    Defendant.

_____

### Report and Recommendation

Before the Court is plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, filed April 21, 2023, which the Court construes as a motion to proceed in forma pauperis. On the same date, plaintiff filed a complaint, doc. 1. Having reviewed the motion and complaint, the Court finds the case should be dismissed for lack of subject matter jurisdiction.

### Authority

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may authorize plaintiff to proceed without prepayment of fees if he has demonstrated he is "unable to pay such fees or give security therefor." *Id.* Even assuming plaintiff makes that demonstration, however, the Court must also determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* §

1915(e)(2)(B). If the Court finds any of these apply, it "shall dismiss the case." *Id.* § 1915(e)(2). Additionally, "a district court may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (emphasis in original) (citations omitted). Federal courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Pro se pleadings are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it[.]" *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## Discussion

Although it appears plaintiff may be financially unable to pay the filing fee, *see* doc. 2, a review of the complaint, doc. 1, indicates there is no basis to conclude the Court has subject matter jurisdiction. In one paragraph, plaintiff alleges that

defendant, a pharmacy, refused to fill a prescription because it needed a continued plan of care, which plaintiff states has never been needed in the past. *Id*. at 3. Plaintiff alleges he "has had issues with this store and the pharmist (sic) because plaintiff is white and transgender" and that, to date, his prescription has not been filled. *Id*.

Based on these facts, plaintiff contends that defendant is responsible for medical malpractice, racial discrimination, sexual discrimination, reckless endangerment of a disabled senior citizen, and elderly abuse. *Id*. at 2. Regarding subject matter jurisdiction, plaintiff states he is a resident of Florida and defendant is a "local drug store doing business at 1801 N. Davis Street, Jacksonville Florida 32208." *Id*. at 1. Thus, plaintiff provides no basis for diversity jurisdiction. Moreover, plaintiff cites no federal statutes, treaties, or constitutional provisions to form the basis for federal question jurisdiction. *See generally id*. And, based on the facts in the complaint, the Court can ascertain no basis for subject matter jurisdiction.

In reviewing plaintiff's complaint, I observe he has filed numerous cases in this Court since 1997, the majority of which were dismissed for various reasons, including lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and/or frivolousness. Further, plaintiff has been instructed on many occasions regarding the issue of subject matter jurisdiction. *See, e.g.*, report and recommendation in *Fisher v. Tully* (doc. 3 in case no. 3:22-cv-1418-TJC-MCR), entered January 4, 2023, at 3, adopted by order (doc. 4), entered February 6, 2023; order in

*Fisher v. Orange Park Med. Ctr.* (doc. 7 in case no. 3:22-cv-686-TJC-LLL), entered July 19, 2022, at 2, 3-4; report and recommendation in *Fisher v. State of Fla., et al.*, (doc. 8 in case no. 3:22-cv-488-TJC-PDB), entered May 10, 2022, at 2, 3-4, adopted by order (doc. 9), entered June 3, 2022. Because plaintiff has alleged no facts showing the Court has subject matter jurisdiction over his claims, I find this case should be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

Thus, I respectfully **recommend**:[1]

1. this case be **dismissed without prejudice**; and

2. the **clerk** be directed to terminate all pending motions and close the file.

**Entered** in Jacksonville, Florida, on May 22, 2023.

*[signature]*
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Honorable Timothy J. Corrigan, United States District Judge
James Fisher, pro se
    P.O. Box 1942
    Jacksonville, Florida 32201

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.